*51 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and action dismissed.
Substantial justice was not done in this small claims action, as the trial court failed to properly apply the substantive law of the State of New York (see UDCA 1804). Plaintiff Laraine Mann failed to state a cause of action as to herself. Her sole claim was that defendant should have deposited the proceeds of a real estate transaction into an interest-bearing account, and that his failure to do so entitled plaintiffs Bryan Mann and Tiffany Mann to an award of damages in lieu of interest they would have received had this been done. Laraine Mann did not claim any damages on her own behalf. Therefore, the action as to her must be dismissed (see CPLR 3211 [a] [7]).
The action as it concerns Bryan Mann and Tiffany Mann must also be dismissed because plaintiffs failed to establish that defendant lacked good faith either in depositing the funds at issue in a non-interest-bearing attorney IOLA account in the first instance, or in failing to transfer the funds to an interest-bearing account at some later time (see Takayama v Schaefer, 240 AD2d 21 [1998]). The clear language of Judiciary Law § 497 (5) mandates that a determination, made in good faith, that funds are “qualified” (as too small in amount or to be held for too short a time to generate interest income justifying the expense of setting up an interest-bearing account), pursuant to Judiciary Law § 497 (2), to be placed in an IOLA account, is not actionable. Plaintiffs complained only of defendant’s poor judgment in depositing proceeds from a real estate transaction into an IOLA account. This is insufficient to establish lack of good faith (Takayama v Schaefer, 240 AD2d at 26) and in fact represents the very questioning of professional judgment that Judiciary Law § 497 (5) was intended to forestall. Contrary to the assertion of the court below, the present case is indistinguishable from Takayama in that regard.
Furthermore, the proper inquiry into defendant’s initial determination as to whether the funds were “qualified” is prospective. Defendant’s assertion that he expected the funds to be disbursed within two or three months was unrebutted. Therefore, the various ethics opinions cited by the court below are inapposite.
Finally, in light of certain statements of the court below, the plaintiff children had a duly appointed guardian ad litem to rep *52 resent their interests in the subject transaction and hence to take any necessary action in regard to funds held for their beneficial interest. The appropriateness of the guardian’s actions is not at issue in the present case, and, in any event, cannot be imputed to this defendant.
Doyle, EJ., Winick and Skelos, JJ., concur.